IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Albright, et. al, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 4-609 |
| Viacom, Inc. | ) ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge

## OPINION AND ORDER OF COURT

Defendant Viacom, Inc. ("Viacom") has filed a Motion for Summary Judgment with respect to the claims asserted by Plaintiffs John Brewer, Herbert Cooper, Bobby Frisco, Lynette Williams and Wallace Wright. <u>See</u> Docket No. [39]. As has already been established, the Plaintiffs' claims are fatally flawed as untimely unless they are able to successfully invoke the equitable tolling doctrine. As the Third Circuit Court explained in <u>Ruehl v. Viacom</u>, 500 F.3d 375, 384 (3d Cir. 2007):

> the equitable tolling doctrine may excuse the plaintiff's non-compliance with the statutory limitations provision at issue when it appears that (1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge; *and* (2) this deception *caused* the plaintiff's non-compliance with the limitations provision.

(emphasis in original)(citations omitted).

Here, Plaintiffs contend that Viacom actively misled them about the reasons for their discharge by not tendering the information required by the Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1)(H). The statute provides that,

where an employee signs a waiver of rights, the:

> (1) ... waiver may not be considered knowing and voluntary unless at a minimum –
> (H) if a waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees, the employer ... informs the individual in writing in a manner calculated to be understood by the average individual eligible to participate, as to –
>> (I) any class, unit, or group of individuals covered by such program, any eligibility factors for such program, and any time limits applicable to such program; and
>> (ii) the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.

29 U.S.C. § 626(f)(1)(H).

Viacom urges that the record is devoid of any evidence that the Plaintiffs signed waivers. Absent such evidence, Viacom insists, they are not entitled to the OWBPA data and cannot rely upon the doctrine of equitable tolling. As such, it concludes, summary judgment is required. The Plaintiffs counter that the record contains sufficient evidence on point to defeat summary judgment.

After careful consideration, I agree with the Plaintiffs. The Motion is denied.

<u>Standard of Review</u>

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment,

after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## Analysis

The issue before me is narrow - does the record contain evidence suggesting that Brewer, Cooper, Frisco, Williams and / or Wright signed a waiver at the time their termination of employment. If so, Viacom's Motion must be denied. In

support of its Motion, Viacom offers the Affidavit of Diane Murphy, Vice President of Human Resources. See Docket No. [40-2]. Murphy explains that the Plaintiffs were separated from employment pursuant to the Westinghouse Employee Security and Protection Plan ("ESPP"). Id., ¶ 8.[1]  According to Murphy: the ESPP did not require eligible employees to sign waivers; as a matter of practice the Company would not have asked employees to sign waivers; and there exist no records indicating that these Plaintiffs actually signed such waivers. Id., ¶¶ 6-9.

In response, the Plaintiffs tendered their own Affidavits.  See Docket Nos. [47-2, 47-3, 47-4, 47-5 and 47-6].  Each Plaintiff states that he / she was presented with a waiver and release at the time of separation from employment and told that absent a signature, severance payment would be withheld. Id.  Each Plaintiff affirmatively stated that he / she recalled signing such waiver and release. Id.

The Affidavits tendered by Plaintiffs create disputed material issues of fact. Reasonable finders of fact could accept the Plaintiffs' representations that they did sign waivers and releases.  As such, summary judgment would be inappropriate and I need not address the Plaintiffs' alternative request for denial based upon Federal Rule of Civil Procedure 56(f). See Docket No. [47-7].

---

[1] The Plaintiffs admit as much. See Docket No. 48, paragraph 2.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Albright, et. al, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 4-609 |
| Viacom, Inc. | ) ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge

AND NOW, this 27th day of February, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion for Summary Judgment [Docket No. 39] is DENIED.

                                        BY THE COURT:

                                        /s/<u>Donetta W. Ambrose</u>
                                          Donetta W. Ambrose,
                                          Chief U.S. District Judge