IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Fred Tyner )
 )
    Plaintiff, )
 )
    vs. ) Civil Action No. 4-609
 )
Viacom, Inc., successor by merger to )
CBS Corporation, formerly )
known as Westinghouse Electric )
Corporation, )
 )
    Defendant. )

AMBROSE, District Judge

## OPINION AND ORDER OF COURT

Defendant has filed a Motion to Dismiss (Docket No. [137]) the claim of Plaintiff Fred Tyner based upon Federal Rule of Civil Procedure 37(b)(2)(A)(v) and Federal Rule of Civil Procedure 16. The Defendants also seek the imposition of fees and expenses pursuant to Federal Rule of Civil Procedure 37 (b)(2)(C). Essentially, the Defendant contends that Tyner's repeated failures to respond to discovery requests, attend scheduled depositions and abide by Court Orders merits both the dismissal of his case and the award of costs and expenses.

I agree, at least with respect to dismissal. I recognize the harshness of this result, but find it to be appropriate in this case. Each of the following six factors the Third Circuit court identified as relevant to considering whether dismissal is appropriate weigh in favor of such a result:

    (1) the extent of the party's personal responsibility;
    (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

> (3) whether the party has a history of dilatoriness;
> (4) whether the conduct of the party was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

See Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984).

Here, as a *pro se* litigant since December of 2009, I can conclude that Tyner himself is personally responsible for failing to comply with the discovery requests and this Court's Orders. See Wilcox v. The Geo Group, Inc., Civ. No. 9–2197, 2010 WL 891039 (E.D. Pa. March 11, 2010) (finding a *pro se* litigant responsible for a failure to comply with discovery requests and court orders) and Chiarvilli v. Taylor, Civ. No. 8-4400, 2010 WL 1371944 (D. N.J. March 31, 2010) (finding that a *pro se* plaintiff is personally responsible for his failure to participate in his litigation). Tyner has proceeded pro se since December of 2009. During this time he has failed to respond to interrogatories, document requests and requests for admissions. He also failed to appear for his deposition. He similarly ignored the directives of two Court orders.

I also find that the Defendant has suffered prejudice. It has been waiting for discovery responses from Tyner for more than six months. Tyner was terminated from his employment more than ten years ago. Memories fade with the passage of time and evidence is lost. Tyner's repeated delays in responding to discovery requests make it more difficult for the Defendant to procure the evidence needed to defeat Tyner's charges. See Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (noting that prejudice includes "the irretrievable loss of evidence, the inevitable

dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."). The Defendant's cost of filing motions to compel and of incurring expenses for depositions constitutes prejudice. See Clarke v. Nicholson, 153 Fed. Appx. 69, 73 (W.D. Pa. 2005) (finding that the defendant had "an interest in having litigation brought to an end, and was prejudiced by the expense and inconvenience in the plaintiff's continued delay and failure to appear for deposition"), *citing*, Ware v. Rodale Press, Inc., 322 F.3d 218, 222-24 (3d Cir. 2003). See also Hertas v. City of Philadelphia, Civ. No. 2-7955, 2005 WL 226149 at * 3 (E.D. Pa. Jan. 26, 2005), *aff'd*, 139 Fed. Appx. 444 (3d Cir.), *cert. denied*, 546 U.S. 1076, 126 S. Ct. 829 (2005) (stating that a court should examine whether a party's conduct has resulted in "extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party.").

      With respect to the third factor, Tyner clearly has had a history of dilatoriness during this case and his conduct in this regard, if not done in bad faith, was certainly willful. Both when represented by counsel and when representing himself, Tyner failed to respond to discovery responses. He failed to appear at two scheduled depositions. His conduct was in direct contravention of an order. Further, when questioned by telephone on the record as to why he had not shown up for his deposition, Tyner explained that he did not intend to participate in the discovery process. See Wilcox, 2010 WL 891039 at * 3 (finding a history of dilatoriness where the plaintiff failed to abide by court orders and that such failure was willful where the plaintiff had been made aware of the orders

and given numerous opportunities to comply).

Given Tyner's stated refusal to participate in the discovery process, I do not believe any alternative sanctions (such as rendering the requested admissions deemed admitted or imposing costs associated with the depositions for which he failed to appear) would be effective. Indeed, Tyner appears completely disinterested in prosecuting his case. Indeed, he failed to respond to the pending Motion to Dismiss. Further, the following exchange occurred on the telephone when counsel for the Defendant called Tyner to inquire as to why he had failed to appear at the second deposition:

> Mr. May: Well, the lawsuit has already been filed. The question is, are you going to pursue it?
> Mr. Tyner: When you say pursue it, what do I need to do to pursue it?
> Mr. May: You need to have done all of the things I have been asking you to do since March, answer interrogatories, give me documents, appear for a deposition here in Pittsburgh.
> Mr. Tyner: Why can't you come down here?
> Mr. May: The lawsuit was filed here in Pittsburgh and the rules say you go where the lawsuit is filed.
> Mr. Tyner: You just tell the Judge whatever you want to do. I've got to go, I've got animals that need feeding here... .

See Docket No. [137-4]. See also Chiarulli, 2010 WL 137944 at * 3 (stating, "[t]he Court finds that no alternative sanctions would be effective. Plaintiff's lack of participation demonstrates his intention to no longer litigate this case.").

Finally, nothing in the record suggests that Tyner's claim has any merit. Tyner has not proffered any evidence of a prima facie case. Further, a letter and an attachment sent by Defendant to Plaintiff's former counsel strongly suggests that Tyner's claim is untimely. See Docket No. [137-1]. Tyner's counsel never explained the reason for their withdrawal, but one can infer that it influenced

their decision.

Each of these factors weigh in favor of dismissal. As stated above, I recognize that dismissal with prejudice is a harsh penalty for a failure to respond to discovery requests. If I believed that Tyner's failure in this regard was mistaken or mere oversight, I would take less draconian measures. Yet his conduct at each step of the litigation, including his failure to respond to the pending Motion, convinces me that dismissal with prejudice is the appropriate sanction.

The Defendant also requests the imposition of costs and expenses pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). Rule 37(b)(2)(C) provides that:

> Instead of or in addition to the orders above, the court must order the disobedient party ... to pay the reasonable expenses including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C). The award of fees is thus mandatory, unless the Court finds that failure to have been "substantially justified" or the circumstances make an award otherwise "unjust." See Dunn v. Albany Medical College, Civ. No. 9-1031, 2010 WL 2326137 (N.D. N.Y. May 5, 2010) (recognizing the "mandatory" nature of the awarding of attorney's fees absent application of one of the two exceptions). "The test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was 'substantially justified'... [T]hat has never been described as meaning justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute' ... or 'if reasonable people could

differ' regarding the appropriateness of the conduct at issue." <u>Dunn</u>, *quoting*, <u>Pierce v. Underwood</u>, 487 U.S. 552, 565, 108 S. Ct. 2541 (1988) (quotation marks and brackets in original).

Here Tyner has not explained how his failure to comply with the various discovery orders was "substantially justified." Nor has Tyner offered any argument as to how ordering him to pay expenses would be "unjust." Nevertheless, Tyner has suffered the ultimate sanction in the dismissal of his claim. Therefore, I exercise my discretion in determining that imposing sanctions in addition to dismissing the claim would be "unjust."

AND NOW, this 6th day of July, 2010, the Defendant's Motion to Dismiss (Docket No. [137]) is GRANTED IN PART and DENIED IN PART. It is GRANTED insofar as Plaintiff's claim is dismissed. It is DENIED insofar as the Defendant seeks the imposition of expenses.

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
Donetta W. Ambrose,
U.S. District Judge